STATE OF MAINE, by *scire facias*, *vs.* JOHN C. COBB.

Cumberland.    Opinion May 28, 1880.

*Scire facias.    Waiver of examination.    Recognizance.    Commissioner.*

The waiver of examination by a respondent brought before a magistrate for an alleged offence beyond the jurisdiction of the magistrate may properly be regarded at the hearing and in all subsequent proceedings as the substantial equivalent for the examination and finding thereon contemplated by the statute.  R. S., c. 133, §§ 12, 13.

After expressly waiving the preliminary examination it is not open to the respondent to object that it was not made, nor is such objection open to the surety, who assumes his liability after the principal has waived his right in this respect, and the order that the recognizance be given has thereupon been entered.   The recital in the recognizance that such an examination had been made is not a material error.

The act of a commissioner of bail, in including in the condition of a recognizance more than the order of the court required, is void of legal effect — the part added by the commissioner is mere surplusage.

EXCEPTIONS from the superior court, Cumberland county.

SUIT on recognizance.

(Writ.)

" [L. S.] State of Maine.—Cumberland, ss.  To the sheriff of the county of Cumberland or either of his deputies, Greeting :

"Whereas Francis Kane was brought before the municipal court for the city of Portland, in said county of Cumberland, on the fifth day of February, A. D., 1878, by virtue of a warrant duly issued upon complaint of C. K. Bridges in behalf of said state, on oath charging : that said Francis Kane of Portland, in said county, on the second day of February, A. D., 1878, at said Portland, with force and arms feloniously and willfully in and upon one William S. Morse did make an assault, the said Francis Kane then and there being armed with a dangerous weapon, to wit : a revolver loaded with powder and lead balls, with the intent him the said William S. Morse then and there with the revolver aforesaid so loaded as aforesaid, feloniously and willfully to kill and slay against the peace of said state, and contrary to the form of the statute in such case made and provided ; to which complaint he pleaded that he was not guilty thereof, and

waived an examination, and thereupon said court ordered said Kane to recognize to said state in the sum of eight thousand dollars, with sufficient sureties in the sum of eight thousand dollars, for the personal appearance of said Francis Kane, at the superior court, to be holden at said Portland, on the first Tuesday of May, A. D., 1878, then and there to answer to said state, concerning the matters alleged in said complaint,. and abide the order and sentence of said court thereon, and stand committed until said order be complied with; and whereas said Kane, not finding said sureties, was committed to jail in Portland in said county, and thereafterwards on the twelfth day of February, A. D., 1878, made application to Charles W. Goddard, Esquire, a commissioner, duly appointed by the Supreme Judicial Court of said state, in the said county of Cumberland, as appears by record thereof in that court, remaining to be admitted to bail in accordance with the provisions of the second section of chapter 137, of the public laws of the year A. D., 1873, of said state of Maine; and at said jail entered into recognizance before said commissioner as follows, to wit: — 'State of Maine. Cumberland, ss. Be it remembered, that on the twelfth day of February, in the year of our Lord one thousand eight hundred and seventy-eight, at Portland, in said county, before me, Charles W. Goddard, Esquire, a commissioner, duly appointed by the Supreme Judicial Court in the county of Cumberland, to take recognizances, and admit to bail persons confined in a jail for a bailable offence, or for not finding sureties on a recognizance, personally appeared Francis Kane of said Portland, and John C. Cobb of Deering, Thomas Lennon and Charles Mullen, both of Portland, all in said county, and severally acknowledged themselves to be indebted to the state of Maine in the respective sums following, to wit:

"'The said Kane as principal, in the sum of eight thousand dollars, and the said Cobb, Lennon and Mullen as sureties in the sum of eight thousand dollars each, to be levied of their respective goods, chattels, lands or tenements, and in want thereof, of their bodies, to the use of the state, if default be made in the condition following:

"'The condition of this recognizance is such, that whereas the said Kane was brought before the municipal court of said city of Portland on the fifth day of February, 1878, by virtue of a warrant duly issued upon the complaint of C. K. Bridges, in behalf of said state, on oath charging him, the said Kane, with having on the second day of February, A. D., 1878, made a felonious assault upon William S. Morse, with a dangerous weapon at said Portland, with intent to kill and slay said Morse, against the peace of the state, and contrary to the form of the statute in such case made and provided, and upon examination of the facts relating to said charge, the said Kane on said fifth day of February, A. D., 1878, was ordered by said court to recognize to said state, in the said sum of eight thousand dollars, with sureties in the said sum of eight thousand dollars, for his personal appearance at the superior court to be held at Portland, within and for said county of Cumberland, on the first Tuesday of May, A. D., 1878, and the said Kane having been committed to, and being now confined in jail in Portland, in said county, for not finding sureties to recognize with him on such recognizance, and having made application to me, commissioner as aforesaid, to be admitted to bail in accordance with the provisions of the second section of chapter 137, of the public laws of the year 1873, of said state of Maine. Now, therefore, if the said respondent shall personally appear at the court aforesaid, and answer to such matters and things as may be objected against him, and, more especially, to the charge contained in said complaint, and shall abide the order and judgment of said court, and not depart without license, then this recognizance shall be void, otherwise remain in full force and virtue.'"

"'Witness, Charles W. Goddard, Esquire, commissioner aforesaid.

C. W. GODDARD, Coms'r.'"

"Which said recognizance was duly returned to and entered of record in our said superior court at said May term thereof, and the said Francis Kane, although solemnly called to come into said superior court, at said May term thereof, did not appear but made default, and the said John C. Cobb, Thomas Lennon, and Charles Mullen, although solemnly called in said superior court,

at said May term thereof, to bring in the body of said Francis Kane, did not appear but made default, all as appears of record now remaining in said superior court, and here in court to be produced, whereby the said sum of eight thousand dollars became forfeited to us by the said Kane, Cobb, Lennon, and Mullen, which sum hath not been paid, but still remains to be levied in manner aforesaid, to our use. We, therefore, willing to have the said sum so due to us, with speed paid and satisfied as justice requires, command you to attach the goods and estate of said John C. Cobb, to the value of ten thousand dollars, and summon the said defendant, if he may be found in your precinct, to appear before our justice of our said superior court, to be held at Portland, in and for said county of Cumberland, on the first Tuesday of January, A. D., 1879, to show cause if any he has, why we ought not to have judgment and our writ of execution thereupon, against him the said Cobb for the sum by him forfeited, as aforesaid, to wit: the said sum of eight thousand dollars and costs in this behalf, sustained, and further to do and receive that which the said court shall then consider."

"Hereof fail not, and have you there this writ with your doings therein.

"Witness, Percival Bonney, Esquire, at said Portland, the twenty-fourth day of December, in the year of our Lord one thousand eight hundred and seventy-eight.

D. W. FESSENDEN, Clerk."

Attachment of real estate, December 24, A. D., 1878. Service made on defendant, December 24, A. D., 1878.

Defendant demurred to the writ and the demurrer was joined. The court overruled the demurrer and adjudged the writ good, and ordered the defendant to plead over forthwith, to which ruling the defendant seasonably excepted.

In obedience to said order of court, defendant then pleaded *nul tiel record*, with brief statement, which was joined, and on hearing before the judge with right of exception, upon inspection, the judge ruled that there was such record as in the writ alleged, and that it was sufficient to maintain said suit, notwithstanding

the matters pleaded in the brief statement, and ordered judgment for the State, for the penalty of the bond, to wit : $8,000.

Defendant excepted.

*T. H. Haskell,* county attorney, for the State.

*S. C. Strout* and *H. W. Gage,* for the defendant.

The jurisdiction of the municipal court is limited to such "jurisdiction in all such matters and things within the county of Cumberland, as justices of the peace may exercise, and under similar restrictions and limitations."

The powers of magistrates in criminal matters are derived from the statute, and not from the common law. *Owen* v. *Daniels,* 21 Maine, 184.

Such power being derived solely from the statute, it follows that the requirements of the statute must be strictly followed, or the recognizance will be void. *Underwood* v. *Clements,* 16 Gray, 169 ; *Commonwealth* v. *Field,* 9 Allen, 584 ; *Tucker* v. *Davis,* 15 Geo. 573.

By R. S., c. 133, § 13, bail may be taken, if on examination, it appears that an offence has been committed, that there is probable cause to charge the accused, and the offence is bailable.

The record shows that the respondent is brought into court upon a warrant, &c., for examination thereon. "And said complaint is read to him, and he pleads and says he is not guilty, and waives an examination in this court." "It is therefore considered and ordered by the court, that said Francis Kane recognize," &c.

It does not appear that any offence had been committed, nor that there was probable cause to charge said Kane of any offence.

It has been expressly held by this court that, "until the facts are made to appear in an examination before a magistrate, in process issued in due form of law, there is no authority on the part of the magistrate to require bail." *State* v. *Hartwell,* 35 Maine, 131.

If, however, Kane was bound by his waiver of examination, no such effect would follow to this defendant. He was not a party to it in any way, and first became a party at the time of entering into the recognizance.

The municipal court had no authority to hold to bail, as the complaint before it did not charge any offence known to the law. No such crime as "assault with intent to kill and slay," is known to the common law or the statute. In *Moore* v. *State*, 34 Texas, 138, the court held a bail bond, conditioned to appear and answer to a charge of "shooting with intent to kill and murder" void, as no such offence is known to the law.

It also exceeded its authority by ordering Kane not only to "appear," but to "answer" and "abide the decision and order of said court," while the statute, c. 132, § 5, only requires the respondent to recognize to "appear." The order was an entirety, and requiring of Kane more than could be legally required of him, was invalid, and the recognizance therefore void.

If the order of the court was valid, the recognizance is made void by the act of the commissioner, who had no authority whatever to take bail, except as ordered by the municipal court. Its order was for Kane's appearance "to answer to said State concerning the matters of said complaint," while the recognizance is "to answer to such matters and things as may be objected against him, and more especially to the charge contained in said complaint." *State* v. *Buffum*, 22 N. H. 267 ; *Vide* also, *Dillingham* v. *United States*, 2 Wash. C. C. 422.

The sureties cannot be held, when the indictment charges a different offence from that set out in the recognizance. *Duke* v. *State*, 35 Texas, 424 ; *Gray* v. *State*, 43 Ala. 41 ; *State* v. *Brown*, 16 Iowa, 314.

On the demurrer, there is no presumption in favor of the jurisdiction of the magistrate, and the recognizance must exhibit enough to show its validity and authority in the magistrate to take it. *Dodge* v. *Kellock*, 13 Maine, 136 ; *State* v. *Hartwell*, 35 Maine, 129. It does not show that C. W. Goddard was a duly qualified commissioner at the time of the taking of the recognizance.

The writ is bad, as it nowhere appears therein that Kane was indicted at said May term of the superior court, or that any matters and things were there objected against him, either relating to the charge in said complaint or any other charge. *Liceth* v. *Cobb*, 18 Geo. 314 ; *McKay* v. *Ray*, 63 N. C. 46.

The conclusion of this recognizance is precisely like that in case of *State* v. *Hatch*, 59 Maine, 411. It was there discussed and held good by a majority of the court; but with all due deference to the two remaining members of the court, who joined in the decision, we submit that to us the dissenting opinion seems to contain the better statement of the law. The recognizance is an entirety, and contains provisions which the commissioner was not authorized to require of the accused.

SYMONDS, J. We think that under the provisions of R. S., c. 133, § 22, declaring that no action on a recognizance in a criminal case shall be defeated for any defect of form, "if it can be sufficiently understood, from its tenor, at what court the party or witness was to appear, and from the description of the offence charged, that the magistrate was authorized to require and take the same;"—and under the decision of the court in *State* v. *Hatch*, 59 Maine, 410, the judge of the superior court correctly ruled against the demurrer filed to this writ of *scire facias*, and under the issue joined upon the plea and brief statement, after the overruling of the demurrer, upon inspection of the record properly held that there was such a record as is in the writ alleged, and that it was sufficient to maintain the suit. ·

According to the letter of the statute, the authority of the magistrate to require bail of one accused of an offence beyond his jurisdiction does not arise, until the fact that the offence has been committed, and that there is probable cause to charge the accused, has been made to appear, upon examination, by proof produced, R. S., c. 133, § § 12, 13. The record in this case shows no such examination or production of testimony, but, instead thereof, a waiver of examination by the accused before the judge of the municipal court.

This provision of the statute is clearly for the benefit of those who are under arrest for crime. It is a privilege and a right afforded for their security. They may hear the witnesses against them, may offer testimony in their own behalf, and may stand upon their right to go free, without bail, unless the commission of the crime, with probable cause to charge them, appears upon examination. But such a requirement of law may be waived by

those whose safety it was designed to secure, and, if waived, it cannot be necessary for the magistrate to proceed with the examination and find the facts which independently of such waiver would give him authority to require bail. It is not a question of jurisdiction. To order bail upon waiver of examination is no more to take jurisdiction by consent, than it would be to order bail upon plea of guilty. We apprehend that if the record of the magistrate disclosed that the respondent pleaded guilty, and was thereupon ordered to recognize with sureties for his appearance in the court having jurisdiction, it would be sufficient, without showing an examination of testimony and finding of fact by the magistrate. The same result follows upon waiver of examination by the accused.

After expressly waiving the preliminary examination, it is not open to the respondent, to object that it was not made. Nor is such objection open to the surety, who assumes his liability after the principal has waived his right in this respect, and the order that the recognizance be given has thereupon been entered. At the hearing in the municipal court and in all subsequent proceedings, the waiver may properly be regarded as the substantial equivalent for the examination and the finding thereon which the statute contemplates. The recital in the recognizance that such an examination had been made, is not a material error, because what was in legal effect precisely the same had occurred.

It is urged that the offence charged in the complaint, an assault with intent to kill and slay, is not one known to the common law or the statute. We think it is neither more nor less than an assault with intent to kill.

The conclusion of the recognizance is in conformity with that which was held good in *State* v. *Hatch, ubi supra;* — and while doubts were then entertained by some members of the court, in regard to the validity of a recognizance containing so broad a requirement, the doctrine prevailed that under R. S., c. 133, § 22, effect might be given to it by treating that part of the condition which was in excess of the magistrate's authority as unauthorized and void. There can be no reason for disturbing what has now become the established practice under that decision.

It follows that the act of the commissioner, in including in the condition of the recognizance more than the order of the court required, was void of legal effect; — the part added by the commissioner being regarded as mere surplusage. The legal effect of the recognizance, taken by the commissioner, in this respect, is in precise accordance with the order of the committing magistrate.

It is contended that, under the issue joined upon the plea, an inspection of the record, showed that the respondent was indicted for a different offence from that which he was held by the recognizance to appear and answer. The complaint, as we have seen, was for an assault with intent to kill. The indictment was for assault with intent to kill and murder. The greater includes the less. *Commonwealth* v. *Slocum*, 14 Gray, 395.

We have examined the objections taken upon the demurrer to the sufficiency of the writ, and think the defects alleged are formal, not material, not of a character to defeat the action under R. S., c. 133, § 22. The statute under which the commissioners of bail are appointed (1873 c. 137) in terms requires neither oath, bond nor commission, but only an appointment by the court. The commissioner in this recognizance recites his authority as one duly appointed by the court and signs in that capacity. It cannot be fatal to the validity of the recognizance that the commissioner recites no other authority on his part to take it, than that which is specified in the statute creating his office. *Commonwealth* v. *Dunbar*, 15 Gray, 209.

The omission to state that the commissioner inquired into the case before admitting to bail, if an error, is of the same class as those to which we have already referred; — one which the statute was designed to render immaterial. It sufficiently appears also at what court the respondent was held to appear.

Although the fact that an indictment was found against the respondent appears of record, upon the demurrer it is urged as a fatal defect in the writ that it does not so allege. It is averred that the recognizance was duly returned and entered of record in the superior court, where the principal failed to appear, and was defaulted with his sureties. This is sufficient. The default

is presumed to have been rightfully entered, and, while it stands, full effect is to be given to it in all matters dependent upon it. "The record of the default is conclusive evidence of the fact, and of course not subject to be impeached, controverted or affected by extrinsic evidence." *Commonwealth* v. *Slocum*, 14 Gray, 397 ; *Comm.* v. *Bail of Gordan*, 15 Pick. 193.

*Exceptions overruled. Judgment for the State.*

APPLETON, C. J., WALTON, VIRGIN, PETERS and LIBBEY, JJ., concurred.