FRANK DUREIN, *et al.,* v. THE STATE OF KANSAS.

1. CASE, *Followed.* *Roberts v. The State,* 34 Kas. 151, followed.

2. BOND — *Superadded Words — Invalidity.* Where the court before
which a person is convicted of a criminal offense, requires such per-
son to give security to be of good behavior for a time not exceeding
two years, or to stand committed until such security is given; and
subsequently such person, not voluntarily, but to prevent himself
from being imprisoned, executes with sureties a bond containing
the condition prescribed by the court, but having superadded therein
material and important words of condition beyond what were re-
quired by the court, or authorized by the statute: *Held,* That the
bond is invalid.

*Error from Shawnee District Court.*

ON February 19, 1885, *The State of Kansas* brought its
action against *Frank Durein, John R. Mulvane,* and *Conrad
Kreipe,* to recover five hundred dollars upon a certain written
bond, executed June 10, 1884.  Trial had July 1, 1886,
before the court without a jury, upon the following agreed
statement of facts:

"It is stipulated and agreed that the above and foregoing
case shall be tried and decided upon the following facts, and
none other :

"1. On the first day of December, 1883, the county attor-
ney of Shawnee county, Kansas, filed an information in the
district court of Shawnee county, Kansas, charging the de-
fendant, Frank Durein, with selling intoxicating liquors at
146 Kansas avenue, in the city of Topeka, county of Shaw-
nee and state of Kansas, in violation of law.

" 2. A warrant was issued upon said information and the
defendant Frank Durein was arrested upon said warrant.

"3. On the 23d day of January, 1884, and during the
January term of the district court the defendant Frank Du-
rein appeared in open court, and being arraigned upon said in-
formation, pleaded guilty to the 1st, 2d, 3d, 4th, 5th and 6th
counts in said information.

"4. On the 23d day of February, 1884, Frank Durein
appeared in open court, and was sentenced upon said plea of
guilty to pay a fine of one hundred dollars upon each of said
six counts, together with the costs of suit.

" 5. The court, in addition to the said fine of six hundred dollars, made and entered the following order in said cause, to wit: 'It is further ordered and required that Frank Durein give security in the sum of five hundred dollars to be of good behavior for the term of two years from the date of said sentence, and that he the said Frank Durein stand committed to the jail of Shawnee county until such security is given; but in no case shall such imprisonment be longer than two years from the date of such sentence; said bond to be approved by the clerk of the district court of Shawnee county, Kansas.'

" 6. On the 10th day of June, 1884, the defendant Frank Durein did file a bond in the office of the clerk of the district court of Shawnee county, with John R. Mulvane and Conrad Kreipe as sureties thereon, which was approved by the clerk of the district court.

" 7. A copy of said bond is filed herewith, marked 'Exhibit A,' and made a part of this agreed statement of facts, being the same bond sued upon in this case.

" 8. Said bond was not executed voluntarily, but to prevent the said Frank Durein from being imprisoned; that is, said bond was given by order of court mentioned in number five of this agreed statement of facts, and by virtue of said bond the said Durein was not imprisoned.

" 9. Said defendant was required to execute said bond in the form it was executed, and with all the conditions thereon as appears in said bond.

" 10. Defendant Frank Durein paid said sum of six hundred dollars imposed upon him, and also the costs in that suit before the commencement of this suit.

" 11. On the 22d day of November, 1884, and at the October term of the district court of Shawnee county, the grand jury of said county returned an indictment against the said Frank Durein for selling intoxicating liquors at 146 and 148 on Kansas avenue, in the city of Topeka, Shawnee county, Kansas.

" 12. On the 15th day of January, 1885, Frank Durein was arrested upon said indictment so returned by said jury.

" 13. On the 15th day of January, 1885, the defendant Frank Durein was tried in the district court of Shawnee county, Kansas, upon said indictment returned by the grand jury, upon a plea of not guilty before a jury.

" 14. On the 16th day of January, 1885, the jury so impaneled returned a verdict of guilty against said Frank Durein, as charged in the 1st, 2d, 3d, 4th, 5th, 9th and 11th counts

of the indictment, and the conviction upon the first count was upon a sale of whisky made by said Frank Durein to Ed. Moore during the fair week in September, 1884, and on the second count a conviction was had for a sale of beer made by Frank Durein to Howard Stafford in July or August, 1884.

"15. The convictions were upon and for sales of intoxicating liquor made after the giving of said bond, and within two years after the giving of said bond.

"16. This action was commenced on the 19th day of February, 1885, and no part of said bond has been paid."

### BOND.

"Whereas, at the January term, 1884, of the district court of the county of Shawnee, in the state of Kansas, and on the 24th day of January, 1884, in a criminal action then pending in said court, the above-named defendant Frank Durein duly and legally pleaded guilty to the offense of selling intoxicating liquors at No. 146 Kansas avenue, city of Topeka, Shawnee county, Kansas, in violation of law; and whereas, on the 23d day of February, 1884, said Frank Durein was duly and lawfully adjudged and sentenced by said court to pay a fine of one hundred dollars on the 1st, 2d, 3d, 4th, 5th and 6th counts in the information filed against him, amounting in all to six hundred dollars and the costs of said prosecution, and was ordered committed to the jail of Shawnee county until said fine and costs were paid; and in addition to said sentence said court did further order and require said Frank Durein to give security in the sum of five hundred dollars to be of good behavior for the term of two years from the date of said sentence, and that he, the said Frank Durein, stand committed to the jail of said county of Shawnee until such security be given, but in no case should such imprisonment be longer than two years from the date of such sentence:

"Now, therefore, know all men by these presents, that we, Frank Durein as principal and John R. Mulvane and C. Kreipe as sureties, do hereby undertake and bind ourselves to the state of Kansas in the sum of five hundred dollars that the said Frank Durein shall and will be of good behavior for the term of two years from the 23d day of February, 1884, and that he, the said Frank Durein, shall not and will not at any time or place within the state of Kansas during said term of two years, in person or in connection with or by means or through the agency of others, or anyone else, either directly or indirectly, in any form or manner, barter or sell intoxicating liquor of any kind; nor shall he, the said Frank Durein, during said term of two years, in any form or manner, violate any of the provisions of an act of the legislature of the state of Kansas, entitled 'An act to prohibit the manufacture and sale of intoxicating liquors, except for medical, scientific and mechanical purposes, and to regulate the manufacture and sale thereof for such excepted purposes,' approved February 19th, 1881.

"In witness whereof, we have hereunto set our hands, this 10th day of June, 1884. FRANK DUREIN.
JOHN R. MULVANE.
C. KREIPE.

"STATE OF KANSAS, SHAWNEE COUNTY.—Approved by me, this 10th day of June, 1884. B. M. CURTIS, *Clerk.*
By A. B. McCABE, *Deputy.*"

The court adopted the facts agreed upon as its special find-

ings of fact; and thereupon the defendants moved the court for judgment upon the facts found by the court, which motion was overruled; and thereupon the court found as a conclusion of law that the defendants were indebted to the state of Kansas in the sum of five hundred dollars. Subsequently the defendants filed their motion for a new trial, which was overruled. On July 3d, 1886, judgment was rendered upon the special findings in favor of the state of Kansas against the defendants, for the sum of five hundred dollars, together with all costs. The defendants excepted, and bring the case here.

*Hazen & Isenhart*, for plaintiffs in error.

*S. B. Bradford*, attorney general, and *Charles Curtis*, county attorney, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: After Frank Durein had been convicted of a violation of the prohibitory liquor law, the district court required him to give security for his good behavior for the term of two years, in the sum of five hundred dollars; and to be committed to the jail of Shawnee county until the security was given. (Crim. Code, § 242.) To prevent himself from being imprisoned, subsequently, with John R. Mulvane and Conrad Kreipe as sureties, he executed a bond, conditioned as follows:

"That the said Frank Durein shall and will be of good behavior for the term of two years from the 23d day of February, 1884, and that he, the said Frank Durein, shall not and will not at any time or place within the state of Kansas during said term of two years, in person or connection with or by the means or through the agency of others, or anyone else, either directly or indirectly, in any form or manner, barter or sell intoxicating liquor of any kind; nor shall he, the said Frank Durein, during said term of two years, in any form or manner, violate any of the provisions of an act of the legislature of the state of Kansas, entitled 'An act to prohibit the manufacture and sale of intoxicating liquors, except for medical, scientific and mechanical purposes, and to regulate the manufacture and sale thereof for such excepted purposes.'"

It will be noticed that there are many superadded words of condition, beyond what were authorized by the court or statute. One of· the superadded conditions prohibited Durein for a term of two years from obtaining any permit to sell intoxicating liquors, even if he fully complied with the statute.  The court was not authorized to require such a bond, and the bond taken was a substantial departure from the order of the court. It was not executed voluntarily, and therefore it is invalid. (*Roberts v. The State,* 34 Kas. 151; *The State v. Roberts,* 37 id. 437.)

We are referred to *The State v. Cobb,* 71 Me. 198, as holding that superadded words of condition beyond what are authorized, do not invalidate a bond, but may be treated as surplusage only.  The decision in that case rests upon *The State v. Brown,* 41 Me. 535.  In the latter case, three of the judges filed a vigorous dissent.

We think the law is properly declared in *Roberts v. The State,* supra, and are therefore unwilling to follow any authorities that conflict therewith.

The judgment of the district court will be reversed, and the cause remanded, with direction to the court below to enter judgment in favor of plaintiffs in error upon the agreed statement of facts and the special findings of the court.

All the Justices concurring.