No. 25,510.

THE STATE OF KANSAS, *Appellee,* v. GEORGE HARRIS, GUST WITT, JOHN FELKE and A. W. FELKE, *Appellants.*

SYLLABUS BY THE COURT.

1. BOND—*Paroled Prisoner—Condition of Parole Bond at Discretion of District Court.* Upon the granting of a parole to one against whom a fine has been assessed or jail sentence imposed for violations of the prohibitory liquor law, it is competent for the district court to make the grant upon any conditions or under such restrictions as are not immoral, illegal or impossible of performance, which it may see fit to impose, including the condition that the convict shall be of good behavior, will obey the laws of the state and of the United States, and particularly the prohibitory liquor law of the state, and the rules of good society, and that he will account to the court and report as to his demeanor at each succeeding term of court and not depart without leave for a period of two years and until excused by the court.

2. SAME—*Bond Covers All Laws in Force During Period of Parole.* A bond so conditioned covers all laws in force as well as those which may have been enacted at and subsequent to the execution of the bond and during the period of parole.

3. BOND—*Violation of Conditions—Forfeiture—Disposition of Forfeit Money.* Upon a violation of the conditions of the bond, a forfeiture may be declared and a recovery had thereon as in the case of other bonds given in criminal proceedings, and the amount recovered thereon is to be paid into the treasury of the county and applied to the support of common schools.

4. SAME—*Conditions of Bond Proper—Evidence shows violation thereof.* An examination of the evidence shows violations of valid and proper conditions imposed by the court upon the granting of the parole in question.

Appeal from Stafford district court; CLYDE R. DOUGLAS, judge. Opinion filed June 7, 1924. Affirmed.

*F. L. Martin,* and *James N. Farley,* both of Hutchinson, for the appellants.

*C. B. Griffith,* attorney-general, *William Davison,* county attorney, and *Paul R. Nagle,* of St. John, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action upon a bond given upon the granting of a parole to George Harris, who had been convicted for a violation of the prohibitory liquor law, in which it was stipulated that Harris would obey and abide by all the terms and conditions of his parole. The bond was signed by him as principal, and by Gust Witt, John Felke and A. W. Felke as sureties. Although Harris was present at the trial, he filed no pleading. John Felke was not pres-

ent and there was no pleading filed in his behalf. Gust Witt and A. W. Felke appeared and contested their liability on the bond. Judgment for $750 was given against each and all of the defendants, and they have appealed.

It appears that George Harris was charged with the violation of the prohibitory liquor law, and on March 31, 1922, he entered a plea of guilty upon two counts and was adjudged to pay a fine of $250 and to be imprisoned in the county jail for ninety days on each count. He applied for and was granted a parole upon condition that he furnish a bond in the sum of $750, binding himself to pay the fine and costs, be of good behavior, obey all the laws of the state and the United States, particularly the liquor law of the state, and all the rules of good society, also that he refrain from the use of intoxicating liquors and habit-forming drugs of every kind or the handling of such liquors and drugs, and further, that he appear before the judge and account for his demeanor on the first day of each succeeding term of court for two years and until excused therefrom.

It was alleged that Harris had violated the conditions of his parole, and proof was produced to the effect that in May, 1923, he had in his possession a still and other apparatus used in the manufacture of intoxicating liquors, had a barrel of mash buried in the ground near his home, was carrying a quantity of the mash to the house when arrested, and had a copper boiler with pipe and coil on a lighted gas stove, which was filled with mash in process of evaporation and distillation. The mash had the odor of fermented liquor, out of which intoxicating liquor is made. He admitted that he got the liquid he was carrying to the house out of the barrel of mash which he had buried in the ground. The arrest at that time was upon a charge that he was engaged in making mash, wort and wash for the production of alcoholic spirits, and to this charge he entered a plea of guilty on August 4, 1923.

One contention of the defendants is that the court in granting a parole to one convicted of a misdemeanor is without authority to require a bond. It is said that a bond is specifically authorized in felony cases, and not being specifically mentioned in the section relating to misdemeanors, none may be required. The statute (R. S. 62-2202) provides that a person against whom a fine or jail sentence has been imposed may be granted a parole upon such conditions and under such restrictions as the court shall see fit to impose. In another section, relating to certain felonies which are first offenses, it is

The State v. Harris.

provided that the court may grant a parole before or after sentence, but not after the convict has been delivered to the warden of the penitentiary or to other institutions named, and names as one of the requirements in such cases the giving of a bond for the appearance of the convict at fixed times, and that he shall not depart without leave. (R. S. 62-2203, 62-2205.) The present case does not fall within the provisions of 62-205, but is governed by 62-2202. The latter, as we have seen, authorizes a parole upon any conditions or under any restrictions that the court in its discretion may see fit to impose. This furnishes sufficient authority for the court to require a bond or fix any other condition which is not immoral, illegal or impossible of performance. In a similar case it was said:

"The statute expressly provides that the court may grant the parole on such conditions and under such restrictions as it may see fit to impose. In its discretion it may attach any conditions to the parole that are not immoral, illegal or impossible of performance. . . . The petitioner was at liberty to accept the parole with the conditions attached or to decline it and serve out the sentence imposed, but when he accepted it he in effect agreed to all the conditions of the parole," etc. (*In re Patterson*, 94 Kan. 439, 442, 443, 146 Pac. 1009.)

It is not illegal or immoral to impose a condition that the defendant should be of good behavior and obey the law or that he refrain from the use of intoxicating liquor or habit-forming drugs or from handling such liquors or drugs, nor can it be said to be illegal or immoral to require him to report to the court at reasonable times during the period of parole as to his conduct and compliance with the requirements. It appears that it was not impossible for him to give the required bond. *Durein v. The State*, 38 Kan. 485, 17 Pac. 49, is cited as an authority against the validity of the bond. There a bond was given in compliance with the statute, which prescribed the conditions on which it should be given, and it merely held that no superadded words or conditions could be required beyond those which were authorized by the statute. Here the statute authorizes the court to fix the conditions, and hence the cited case has no application.

Another contention is that the evidence did not show a violation of the conditions of the parole. First, it is said that, granting that he was required to obey the laws of the state, the bond only covered such laws as were in force when the bond was executed. The provisions of a recent statute declared it unlawful to make mash, wort or wash to be used in the production of alcoholic spirits, and prohibited the manufacture of stills or other apparatus to be used for distilling or separating by any process of evaporation alcoholic

spirits from any fermented substance, and this statute was enacted in 1923, nearly a year after the bond was given. (R. S. 21-2110 to 21-2114.) However, the parole was granted and the bond given on the condition that Harris would obey all the laws of the state, and not alone those in force when the bond was given. The bond covered and required the observance of all of the laws in existence during the period the parole was in force. Besides, Harris was engaged in the manufacture of intoxicating liquors, and acknowledged that he was so engaged, which of itself constitutes a violation of another provision of the prohibitory liquor law which was in force long before the bond was given. (R. S. 21-2101.)

It is also argued that the bond is not enforceable because there is no provision for the collection of such a bond nor for the disposition of the bond money. The bond is subject to forfeiture like all bonds given in criminal proceedings, and it is of little concern to the defendant what disposition shall be made of the money recovered upon the bond. The law provides, however, that all penalties recovered upon forfeited bonds shall be paid into the treasury of the county to be applied to the support of common schools. (R. S. 62-1908. See Smith v. Collins, 42 Kan. 259, 21 Pac. 1058.)

The judgment of the district court is affirmed.