No. 28,924.

In the Matter of the Application of JACK GRAY, Petitioner, for a Writ of Habeas Corpus; JACK GRAY, *Appellant*, v. LOGAN GRAHAM, Sheriff of Seward County, Respondent, *Appellee*.

(278 Pac. 14.)

Opinion filed June 8, 1929.

*F. S. Macy* and *John C. King,* both of Liberal, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *W. P. Wesley,* of Ulysses, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a habeas corpus proceeding. The trial court denied the writ, and the petitioner has appealed.

On October 27, 1928, the petitioner pleaded guilty to an offense under the intoxicating-liquor law and was sentenced to pay a fine of $100 and the court costs, and to be committed to the jail of Grant county for sixty days. On his application he was granted a stay of execution until January 1, conditioned on his good behavior. This condition was broken and he was taken into custody by the sheriff. On November 12, on his application, he was granted a parole. On November 26 his parole was revoked, and for cause shown, which is not now questioned, he was transferred to the jail of Seward county, in the same judicial district. He had paid his fine and costs. He thereafter filed a motion to be transferred to a hospital or sanitarium for the reason that he was suffering from a heart affliction to such an extent and degree that further confinement in the jail, or other penal institution, would result ·in serious impairment to his health, and prayed for such an order concerning his care and dispo-

sition as appeared suitable and proper. Upon the hearing of this motion it was treated as an application for a parole for the purpose of enabling the petitioner to be treated for his physical ailments, and the court made the following order:

"ORDER OF TEMPORARY PAROLE.

"It is therefore ordered that the defendant be and he hereby is granted a temporary parole from said jail sentence, upon the following terms and conditions, to wit:

"1. (His physician was appointed patron.)

"2. That the defendant, immediately upon his release from said jail, enter Epworth hospital for the purpose of taking the course of treatment he has represented that he desires to take, and such as may be recommended and administered by his said physicians.

"3. That during the tenure of this parole the defendant will not, under any conditions whatsoever, leave said Epworth hospital, without the consent of his said patron or of this court, and then only for such purposes as he may be advised pertaining to his course of treatment there being taken.

"4. That the defendant will faithfully submit himself to the treatment he has requested to be permitted to take, and faithfully and diligently conform to the advice and instructions given by his said physicians for that purpose.

"5. That the defendant will pay or arrange for all necessary fees and expenses in connection with said treatment, and save the county of Grant harmless from any liability in connection therewith.

"6. That the duration of this temporary parole shall be until such time as the defendant shall have completed his course of treatment and be ordered discharged from said hospital by his attending physician, unless this order shall be sooner revoked by order of this court because of irregularities or improper conduct on the part of the defendant.

"7. That the defendant will not, either directly or indirectly, violate any of the laws of the state of Kansas, and especially the prohibitory liquor law, during the time of his release under this order.

"8. That upon discharge from said hospital by his attending physician that the defendant will immediately surrender himself to the custody of the sheriff of Seward county, Kansas, where he is now confined as provided by law under the aforesaid sentence, and that the defendant give bond to the state of Kansas in the sum of $250 that he will so surrender himself when released."

The petitioner accepted the conditions of the above order. He entered the hospital, where he was treated until January 15, 1929, when he surrendered himself to the sheriff. On the same day he filed his petition for a writ of habeas corpus, on the ground that he had served the full term of his jail sentence, the petitioner contending that he was serving his jail sentence while he was in the hospital. The court denied this contention.

The sole question before us is whether the time the petitioner was in the hospital should be credited on the term of his jail sentence.

The pertinent portion of the statute (R. S. 62-2202) provides that the court may—

". . . parole such person and permit him to go at large, upon such conditions and under such restrictions as the court or judge granting the parole shall see fit to impose."

Appellant stresses the words "permit him to go at large," and argues that he was not permitted to go at large; that by the court's order he was confined to the hospital and not permitted to leave without the consent of his patron or the court; that the words "go at large" mean without constraint or confinement (5 C. J. 1437). But, as used in the statute, the words indicate the maximum liberty of movement which may be granted. This broad meaning is restricted by what follows: "to go at large, upon such conditions and under such restrictions as the court . . . shall see fit to impose." This seems to give the court almost unlimited authority to impose conditions and restrictions on the permission of one paroled to go at large. (*State v. Harris,* 116 Kan. 387, 226 Pac. 715.) Appellant recognizes this, but says if the statute be so construed the court might, under the guise of paroling a prisoner, keep him confined indefinitely. Perhaps a court might abuse its discretion in naming the conditions and restrictions which it placed in a parole, but the record in this case discloses no such abuse of discretion. Here was a prisoner who had twice violated orders which had granted his liberty, and had been taken into custody the third time. He represented to the court that he was ill, and that he desired to take treatment at his own expense from a certain physician and at a specified hospital. The court granted the request, but because of the previous history of defendant's conduct deemed it proper to impose the conditions and restrictions contained in the order. Among these was the condition that he submit himself to the treatment in good faith—by doing so the court could avoid being imposed upon by a feigned illness—and was not unreasonable. The order provided that when the treatment was completed defendant should submit himself to the custody of the sheriff. Hence, defendant had no misunderstanding of the conditions of his parole. He was at liberty to accept or reject the conditions. (*In re Patterson,* 94 Kan. 439, 146 Pac. 1009.) He did accept them, and is not in good position now to complain of them.

The judgment of the court below is affirmed.