THE STATE OF KANSAS v. MIKE DEVINE *et al.*

APPEAL — *Record* — *What it Includes.* The affidavits used on a motion for a new trial in a criminal case do not become a part of the record unless they are properly incorporated in a bill of exceptions.

*Appeal from Bourbon District Court.*

THE opinion states the facts.

*James A. McLane*, for appellants:

The only error complained of by the defendants, and of which they will be able to avail themselves, is the remark of the county attorney in his closing speech to the jury, as follows: "Why did these young men not explain to you, gentlemen, the circumstance of their having in their possession the silk?" (meaning the silk charged to have been stolen,) in direct violation of § 1, ch. 118, of Laws 1871, amending § 215, ch. 82, Gen. Stat. of 1868. The law regarding such statements by a county attorney under circumstances like these is so well settled under the law of Kansas as to practically need no authorities to sustain the defendants, but we will cite the court to the following: *The State v. Balch*, 31 Kas. 465; *The State v. Mosley*, 31 id. 355 and 357, citing *The State v. Graham*, 17 N. W. Rep. 192; *Long v. The State*, 56 Ind. 182; *Commonwealth v. Scott*, 123 Mass. 239. See, also, *The State v. Tennison*, 42 Kas. 330; *City of Topeka v. Myers*, 34 id. 501; *City of Topeka v. Myers*, 35 id. 554; *McFadden v. The State*, 28 Tex. App. 241; *Sutton v. Commonwealth*, 85 Va. 128; *People v. Doyle*, 12 N. Y. 836; *McPherson v. The State*, 15 S. W. Rep. 174 (Tex.); *Price v. Commonwealth*, 77 Va. 393; *Showalter v. The State*, 84 Ind. 562; 78 Me. 490; *The State v. Martin*, 74 Mo. 547; *The State v. Mahly*, 68 id. 315; *The State v. Graves*, 95 id. 510; *The State v. Moxley*, 102 id. 374; *The State v. Brownfield*, 15 Mo. App. 593. See, also, *Besette v. The State*, 101 Ind. 85; *Austin v. The People*, 102 Ill. 264; *Scripps v. Rilly*, 35 Mich.

371; *Forsyth v. Cathran,* 61 Ga. 278; *Tucker v. Hennicker,* 41 N. H. 317; *Martin v. Orndoff,* 22 Iowa, 505; *Kennedy v. The People,* 40 Ill. 489; *The People v. Alx,* 61 Cal. 137; *The People v. Bevens,* 52 id. 470; *The People v. Roach,* 48 id. 382.

*John N. Ives,* attorney general, and *L. C. Boyle,* county attorney, for The State:

The trouble with the argument of counsel for defendants is, that he desires this court to inject something into his case that does not exist as a fact. The very fact that the trial court did not censure the county attorney is *prima facie* evidence that the county attorney was making a legitimate argument within the record, and it would seem that, before this court would sustain his position, he must produce some evidence showing that the county attorney was out of the record. Defendants present five affidavits that were used in support of their motion for a new trial, and upon which they rely now for a reversal. In the lower court, defendants were represented by four attorneys, three of whom make affidavits, viz., Kaylor, Pritchard, and Maher. The affidavits in opposition to a motion for a new trial are signed and sworn to by the county attorney and five others, and each of whom makes oath substantially to what has been outlined in this statement. One person who makes affidavit, John W. Poor, was one of the jurors who sat on the case, and in these affidavits it is specifically stated that no reference was made to the fact that defendants did not testify, nor any direct allusion to such fact; but that the county attorney was commenting, at the time he was interrupted by defendant's counsel, on the evidence of the Kansas City officers.

At the time the motion for a new trial was heard in the trial court, this matter was thoroughly gone into; the trial court had the evidence before it, had heard the argument of the county attorney, and was familiar with the specific statement that was objected to, and yet very promptly overruled their motion for a new trial; and yet, the gentlemen now ask

this court to do that which the lower court refused to do, although this court has no transcript of the evidence before it.

We have examined with care every case presented by counsel for defendants, and have failed to find one case in point; for in each and every case cited it is clearly shown that the county attorney not only went outside of the legitimate domain of argument, and commented on points that were not in evidence, but also made the direct statement that defendants had not testified. We do not deem it necessary to burden the court with a long line of authorities, for we believe that defendants' position is untenable from their own standpoint. We therefore will simply cite the court's attention to a few cases that clearly define the rights of a state's attorney in argument before the jury: *Winter v. Sass*, 19 Kas. 557; *The State v. Comstock*, 20 id. 650; *The State v. Gutekunst*, 24 id. 252; *The State v. Yordi*, 30 id. 222.

The opinion of the court was delivered by

JOHNSTON, J.: At the April term, 1891, of the district court of Bourbon county, the defendants were convicted of grand larceny, and the punishment imposed was the imprisonment of each at hard labor in the state penitentiary for a term of five years. The only question assigned upon their appeal is the alleged misconduct of the county attorney in the closing argument of the case. The defendants were charged with stealing a quantity of silk, which was found in their possession when arrested. They did not testify in their own behalf, and they claim that the county attorney said to the jury: "Why did these young men not explain to you, gentlemen, the circumstance of their having in their possession the silk?" And they contend that the county attorney referred to the fact that they failed to testify in their own behalf. The county attorney, however, denies using the language attributed to him; and he states that what he did say referred to the fact that they made no explanation of their possession of the stolen silk when they were arrested, and which was found in their

possession. The statement, whatever it may have been, is only shown by the affidavits of the contending parties, which were filed upon the motion for a new trial. These affidavits form no part of the record, for the reason that they were not preserved in a bill of exceptions. It has been decided that "affidavits on a motion in the court below, to become a part of the record so as to be reviewable by the supreme court, must be included in the bill of exceptions or the case-made." (*Backus v. Clark,* 1 Kas. 303; *Altschiel v. Smith,* 9 id. 90; *McIntosh v. Comm'rs of Crawford Co.,* 13 id. 177.) The question presented is not properly before us for consideration, and therefore the judgment of the district court will be affirmed.

All the Justices concurring.