### THE STATE OF KANSAS v. JOHN ROBERTS.
#### No. 13,538.   (73 Pac. 905.)

##### SYLLABUS BY THE COURT.

1. ASSAULT WITH INTENT TO ROB—*Sufficient Information.* In a prosecution for assault with intent to commit robbery, under section 2026, General Statutes of 1901, it is not necessary that the information allege that the assaulted person had money or other property in his possession which the defendant was seeking to take.

2. ——— *Held Not the Completed Crime of Robbery.* In a prosecution for assault with intent to commit robbery, it was shown that the defendant placed a pistol against the body of the prosecutor and ordered him to hold up his hands. He then took the prosecutor's watch, which he returned, saying that he was looking for counterfeit money. The person assaulted had the sum of twenty dollars in currency on his person which was not discovered by defendant. *Held,* that the jury were justified in finding that the acts of the defendant constituted the crime charged, and that the verdict should not be set aside on the ground that the completed crime of robbery was perpetrated.

3. PRACTICE, SUPREME COURT—*Review of Instructions.* Instructions given or refused in a criminal case will not be considered upon appeal unless they are brought on the record by a bill of exceptions. The same is true of affidavits in support of a motion for a new trial.

Appeal from Harvey district court; M. P. SIMPSON, judge. Opinion filed October 10, 1903. Affirmed.

*C. C. Coleman,* attorney-general, and *H. C. Bowman,* county attorney, for The State.

*S. B. Amidon,* for appellant.

The opinion of the court was delivered by

SMITH, J.: Appellant was convicted of an assault with intent to commit robbery. The section of the statute covering the case reads:

"Every person who shall be convicted of an assault with an intent to commit any robbery, rape, burglary, manslaughter, or other felony, the punishment for which assault is not hereinbefore prescribed, shall be punished by confinement and hard labor not exceeding five years, or by imprisonment in the county jail not less than six months." (Gen. Stat. 1901, § 2026.)

The information was attacked by a motion to quash, for the reason that it did not allege that the prosecuting witness had money or other property in his possession which the defendant was seeking to take. Passing the question whether the information was lacking in the respect stated, we are clearly of the opinion that such an averment was not necessary. The law under which the conviction was had creates a substantive and independent crime, in which an assault with *intent* to rob, or commit rape, burglary, manslaughter, or other felony, is the gravamen of the offense. If the assault and guilty intent are shown, it becomes immaterial whether the actual robbery failed because the victim had no property on his person or under his control.

It is next contended that a robbery was in fact perpetrated by the appellant. The application of section 2285, General Statutes of 1901, is invoked. It reads:

"No person shall be convicted of an assault with intent to commit a crime, or of any other attempt to commit any offense, when it shall appear that the crime intended or the offense attempted was perpetrated by such person at the time of such assault, or in pursuance of such attempt."

It appeared in the testimony that Roberts drew a

pistol and placing it against the neck of the prosecuting witness ordered him to hold up his hands.   He then took the prosecutor's watch, which he afterward returned, saying that it was not watches he was looking for but counterfeit money.   Under this testimony a jury or a court would be justified in concluding that the acts of the appellant amounted to no more than an attempt to rob.   The prosecuting witness had the sum of twenty dollars in currency in one of his pockets, which was not discovered by the defendant.

There is no merit in the contention that the verdict should have designated the degree of the offense of which the defendant was convicted.   As before stated, the crime charged was an independent one, created by statute, without degrees.   (*The State v. Adams*, 20 Kan. 311.)

A large part of the brief of counsel for appellant is devoted to alleged errors committed by the trial court in giving and refusing instructions to the jury, and in overruling the motion for a new trial, based on the misconduct of the county attorney in his argument to the jury, as shown by affidavits in support of the motion.   These questions cannot be considered, for the reason that neither the instructions nor the affidavits are preserved in the bill of exceptions.   They are certified by the clerk as a part of the record.   In criminal cases instructions asked for and refused do not become a part of the record unless they are incorporated in a bill of exceptions.   (*The State v. McClintock*, 37 Kan. 40, 14 Pac. 511; *The State v. Smith*, 38 id. 194, 16 Pac. 254; *The State v. Ratner*, 44 id. 429, 24 Pac. 953.)   The same rule applies to affidavits in support of a motion for a new trial.   (*The State v. Devine*, 49 Kan. 252, 30 Pac. 522.)

We have examined the findings of the court respect-

ing the misconduct of the county attorney in address-ing the jury, and do not think that they disclose facts tending to show that the appellant was prejudiced by anything said in the argument.

The judgment of the court below will be affirmed.

All the Justices concurring.