THE STATE OF KANSAS, *Appellant,* V. DENNY CUSTER,
*Appellee.*

No. 17,545.

SYLLABUS BY THE COURT.

CRIMINAL PRACTICE—*Information Substantially in Language of
Statute Sufficient.* An information which charges assault with
intent to commit rape upon a female more than eighteen years
of age, under section 41 of the crimes act, substantially in the
language of the statute, is sufficient although the particular
overt acts done towards the commission of the offense, except
as implied in the word assault, are not alleged.

Appeal from Meade district court. Opinion filed
July 7, 1911. Reversed.

*John S. Dawson,* attorney-general, and *Frank S. Sul-
livan,* county attorney, for the appellant; *Francis C.
Price,* of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: In an information it was charged
that Denny Custer did, at a certain time and place,
"unlawfully, feloniously and willfully in and upon one
Estella Woodard, a female person over the age of
eighteen years, make an assault, with the intent then
and there, forcibly, feloniously and unlawfully, her the
said Estella Woodard, to carnally know and ravish
against her will," etc. On a motion the charge was
held not to constitute a public offense and the informa-
tion was quashed. An amended information was filed,
which was substantially the same as the original, and
it was held to be insufficient and was dismissed and
stricken from the files. The state appeals.

The trial court held the information to be insufficient
because it failed to set forth the overt acts constituting
the offense charged. Ordinarily it is sufficient if the
offense is charged in the language of the statute or in
language of the same meaning. The charge is based

on section 41 of the crimes act (Gen. Stat. 1868, ch. 31, § 41, Gen. Stat. 1909, § 2529), and the information sufficiently states the offense there defined. An assault with intent to commit rape, or any of the other offenses mentioned in the section, is a substantive and independent offense. (*The State v. Roberts,* 67 Kan. 631.) The term "assault" implies an attempt or offer, by force and violence, to do injury to another. It has been defined as an unlawful setting upon one's person. (1 Words & Ph. Jud. Def. p. 532.) Assault with intent to commit an offense is sometimes spoken of as an attempt to commit such offense. There is a marked distinction, however, between a charge under section 41 and one charging an attempt to commit an offense under section 283 of the crimes act (Gen. Stat. 1868, ch. 31, § 283, Gen. Stat. 1909, § 2783). Under the latter the overt acts must be alleged. (*The State v. Frazier,* 53 Kan. 87.) Although the offenses defined by the two sections are very similar, the fact is that much greater particularity and detail of averment is required in charging an offense under section 283 than under section 41. This is due to the language in section 283, which makes the act done towards the commission of the offense an element of the crime defined. So it has been held that to constitute an attempt there must be, first, an intention to commit an offense, and, second, some direct overt act done towards the commission. (*In re Lloyd, Petitioner,* 51 Kan. 501; *The State v. Frazier,* supra; *The State v. Russell,* 64 Kan. 798.)

No such requirement is made as to an assault under section 41, and as the term "assault" has a well known legal meaning and of itself describes an act in a distinct and independent offense, it is sufficient to charge the offense substantially in the words of the statute. In *The State v. Russell,* supra, it was held to be necessary to charge the specific acts done towards the accomplishment of the offense in a charge of assault with intent to commit rape upon a female under the age of

consent. This distinction was drawn because the element of force did not exist in that offense and that the term "assault" as there used had been deprived of its ordinary legal meaning. It has been contended that there is not good ground for that distinction, but, however that may be, the case expressly recognizes that an information charging assault with intent to ravish by force, or where the victim is more than eighteen years of age, need not contain an averment of the overt acts done towards its commission.

The information is held to be sufficient, and hence the ruling quashing and striking it from the files is reversed and the case remanded for further proceedings.