THE STATE OF KANSAS, *Appellee,* V. A. E. GUTHRIDGE,.
*Appellant.*

No. 18,445.

SYLLABUS BY THE COURT.

1. INFORMATION—*Charging Rape—Conviction of an Attempt to·
·Commit Rape.* Under an information charging the defendant.
with the offense of rape as defined in section 31 of the crimes.
act there may be, if ·the testimony warrants it, a conviction
of an attempt to commit that offense although the overt acts
done towards the commission of the offense are not spe--
cifically set forth in the information.

2. —————— *Instructions.* Upon such a charge the court is not.
required to instruct the jury as to the offense defined in' sec--
tion 41 of the crimes act which, among other things, includes.
the offense of assault with intent to commit rape.

3. —————— *Same.* While an attempt to commit rape is, strictly
speaking, not a degree of the principal offense, no prejudice·
resulted from a statement in an instruction of the court in
regard to degrees of crime.

4. DRUNKENNESS—*No Éxcuse for Committing Crime.* It is a.
principle of law applicable in ordinary cases that volun-
tary drunkenness does not of itself either excuse or justify
crime. When a specific intent is of the essence or a neces-
sary ingredient of the offense drunkenness may be shown
and considered, but under the testimony in this case affecting·
defendant's condition and responsibility for his act it is held
that the omission of an instruction stating the exceptions to·
the ordinary rule is not material error.

Appeal from Franklin district court. Opinion filed
February 8, 1913. Affirmed.

*F. A. Waddle,* and *H. M. Funson,* both of Ottawa,.
for .the appellant.

*John S. Dawson,* attorney-general, and *Ralph E.
Page,* county attorney, for the appellee.

·The opinion of the court was delivered by

JOHNSTON, C. J.: A. E. Guthridge was charged with.
having committed rape upon the person of Rosie Plum-
mer, a girl seven years of age, and was found guilty

of an attempt to commit that offense.  On this appeal it is contended that the information was defective because the physical acts done towards the commission of the offense were not specifically alleged.  The principal offense was set forth in the language of the statute and under such a charge the accused may be convicted of an attempt to commit the offense.  (Crim. Code, § 121; *The State v. Decker*, 36 Kan. 717, 14 Pac. 283; *The State v. Frazier*, 53 Kan. 87, 36 Pac. 58.) Manifestly, the prosecutor was seeking to secure a conviction for rape, but the jury found, as it had a right to do, that the wrongdoing of the defendant proceeded no further than an attempt to commit that offense.  If the specific charge of attempt to commit a rape had been made and relied upon by the prosecutor it would have been necessary for him to have set out the acts done towards the commission of the offense (*The State v. Frazier*, supra), but here the substance of the offense was sufficiently charged under section 31 of the crimes act (Gen. Stat. 1909, § 2519), and it is provided in the criminal code, as we have seen, that if the effort to consummate the crime was unsuccessful the jury may find the defendant guilty of an attempt.

Complaint is made because the court instructed the jury that if they found that the defendant had not committed the crime of rape they might consider whether he was guilty of an attempt, telling the jury that one who attempts to commit that offense and does some act towards the consummation of it but fails in the perpetration of the offense or is intercepted or prevented in executing the same may be convicted and punished.  Appellant insists that the jury should have been instructed under section 41 of the crimes act (Gen. Stat. 1909, § 2529), which relates to assaults with intent to commit particular offenses, including rape.  The offense defined in section 41 is somewhat similar to that defined in section 283 of the crimes act (Gen. Stat. 1909, § 2783), but, as has already been

decided, they involve different elements and are distinct offenses. (*The State v. Custer,* 85 Kan. 445, 116 Pac. 507.) As the prosecution was not under section 41 it was not necessary, nor proper, to call the attention of the jury to the offense defined in that section. As we have seen, the court instructed as to the offense of rape and also as to an attempt to commit rape, and there was testimony supporting each grade of the offense.

Another objection is that the court spoke of the offenses included in the charge as degrees of crime. While an attempt is not strictly a degree of the principal offense, it approaches it closely. It is an unsuccessful effort to commit an offense and is of itself made an offense. If the overt acts constituting the attempt fall short of the completed crime it is regarded as the lesser offense rather than as a degree of the principal offense, but in no event can the reference to degrees in the instructions have operated to prejudice the appellant.

It is also contended that the court erred in telling the jury that voluntary intoxication is no defense to the crime charged. It is a principle of law applicable in ordinary cases that voluntary intoxication does not of itself either excuse or justify crime. (*The State v. White,* 14 Kan. 538; *The State v. Mowry,* 37 Kan. 369, 15 Pac. 282; *The State v. Yarborough,* 39 Kan. 581, 18 Pac. 474; *The State v. O'Neil,* 51 Kan. 651, 33 Pac. 287; *The State v. Wells,* 54 Kan. 161, 37 Pac. 1005.) In cases where a specific intent is of the essence or a necessary ingredient of the offense drunkenness may be shown and considered in order to determine whether the appellant's mind was in a condition to form the essential felonious intent. (*The State v. Rumble,* 81 Kan. 16, 105 Pac. 1.) While there is testimony that appellant drank intoxicating liquor there is nothing tending to show that there was an approach to a state of mind that would relieve him from responsibility for

The State, *ex rel.*, v. Davis.  ·

his act.   Under the testimony the court was not re-quired to state specifically any of the exceptions to the rule that drunkenness excuses or extenuates crime and, besides, no request was made for fuller in-structions on the subject.

The judgment will be affirmed.