No. 19,731.

In re Wayne K. Stahlnaker, *Petitioner*.

SYLLABUS BY THE COURT.

1. HABEAS CORPUS—*Difference Between the Offenses of "Attempt to Commit Rape" and of "Assault with Intent to Commit Rape"—Different Penalties.* The offense of an attempt to commit rape differs from the offense of an assault to commit rape, punishment for which is provided by sections 38 and 41 of the crimes act. Punishment for the former offense is governed by section 283 of the crimes act, which provides that an attempt to commit an offense, where no provision is made by law for the punishment of such attempt, is punishable by imprisonment for a term not exceeding one-half of the longest time of imprisonment prescribed upon a conviction for the offense itself.

2. SAME—*Petitioner Properly Sentenced for "Attempt to Commit Rape."* The petitioner was charged in the district court of the crime of rape and entered a plea of guilty of the attempt to commit rape. *Held,* that he was properly sentenced under section 283 of the crimes act.

Original proceeding in habeas corpus. Opinion filed December 12, 1914. Petitioner remanded.

*Frans E. Lindquist,* of Kansas City, Mo., for the petitioner.

*John S. Dawson,* attorney-general, *S. N. Hawkes,* assistant attorney-general, and *James P. Coleman,* assistant attorney-general, for the respondent.

The opinion of the court was delivered by

PORTER, J.: The petitioner, who has been confined in the penitentiary since the 17th day of August, 1911, claims that his imprisonment is illegal.

He was charged in the district court with the crime of rape and entered a plea of guilty of an attempt to commit rape. The information was filed under section 31 of the crimes act, which provides that every person who shall be convicted of rape "shall be punished by

*In re* Stahlnaker.

confinement and hard labor not less than five years nor more than twenty-one years." (Gen. Stat. 1909, § 2519.) Section 283 of the crimes act reads:

"Every person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act toward the commission of such offense but shall fail in the perpetration thereof, or shall be prevented or intercepted in executing the same, upon conviction thereof shall, in cases where no provision is made by law for the punishment of such attempt, be punished as follows:

"Second, if the offense so attempted be punishable by confinement and hard labor, the person convicted of such attempt shall be punished by confinement and hard labor for a term not exceeding one-half of the longest time of imprisonment prescribed, upon a conviction for the offense so attempted." (Gen. Stat. 1909, § 2783.)

Under this section the district court sentenced the petitioner to be confined at hard labor for a period not to exceed ten and one-half years, or until released according to law. His contention is that he should have been sentenced for felonious assault, under section 41 of the crimes act, which reads:

"Every person who shall be convicted of an assault with an intent to commit any robbery, rape, burglary, manslaughter, or other felony, the punishment for which assault is not hereinbefore prescribed, shall be punished by confinement and hard labor not exceeding five years, or by imprisonment in the county jail not less than six months." (Gen. Stat. 1909, § 2529.)

The real controversy turns upon the question whether or not there exists a distinction between the crime of attempt to rape and the crime of assault with intent to rape, and that question has been answered against the petitioner's contention in a number of decisions. (*The State v. Frazier,* 53 Kan. 87, 36 Pac. 58; *The State v. Russell,* 64 Kan. 798, 68 Pac. 615; *The State v. Franklin,* 69 Kan. 798, 77 Pac. 588; *The State v. Custer,* 85 Kan. 445, 116 Pac. 507; *The State v. Guthridge,* 88 Kan. 846, 129 Pac. 1143.)

In *The State v. Russell,* supra, the court in the opinion used this language:

"While it is true that the offense of 'attempting to commit' the crime of rape upon a female under the age of eighteen years, and the crime of 'assault with intent' to commit the same offense, are recognized by the adjudicated cases in this state as distinct offenses, yet the element of force in each being, by virtue of the statute, eliminated, while the form of the charge remains distinct, the evidence to sustain either must of necessity become the same."   (p. 800.)

In *The State v. Custer,* supra, it was said in the opinion:

"Assault with intent to commit an offense is sometimes spoken of as an attempt to commit such offense. There is a marked distinction, however, between a charge under section 41 and one charging an attempt to commit an offense under section 283 of the crimes act (Gen. Stat. 1868, ch. 31, § 283, Gen. Stat. 1909, § 2783)."   (p. 446.)

In *The State v. Guthridge,* supra, the appellant was convicted of the crime of attempt to rape, and claimed that the court should have instructed the jury under section 41. It was held, however, that while the offense defined in section 41 is to some extent similar to the offense defined in section 283, nevertheless they involve different elements and are separate and distinct offenses. The same question has been passed upon by a number of courts, which have held that the two offenses are separate and distinct. (*State v. Berzaman,* 10 Wash. 277, 38 Pac. 1037; *People v. Gardner,* 98 Cal. 127, 32 Pac. 880; *State v. Godfrey,* 17 Ore. 300, 20 Pac. 625.)

It follows that the writ must be denied and the petitioner remanded.