No. 33,029

THE STATE OF KANSAS, *Appellee*, v. LEONARD CROSS, *Appellant*.

(59 P. 2d 35)

Opinion filed July 7, 1936.

*Walter L. Bullock,* of Dodge City, for the appellant.

*Clarence V. Beck,* attorney general, *Theo F. Varner,* assistant attorney general and *Harold Zimmer,* county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Leonard Cross, 55 years of age, was charged, under R. S. 1933 Supp. 21-424, with the rape of an eight-year-old girl, and was convicted, under R. S. 21-101, of an attempt to commit that offense. He has appealed, and complains, first, that the court gave an instruction which reads:

". . . the information in this case charges the defendant with the crime of rape. You are instructed, however, that the state has failed to prove the actual penetration required to constitute the crime of rape. Included in the charge in the information is the charge of attempted rape, and you will consider this case only as to whether or not the defendant is guilty of attempted rape."

It is well settled by the law of this state that to sustain a conviction of a charge of rape there must be proof of the actual penetration of the sexual organs (*State v. Grubb,* 55 Kan. 678, 41 Pac. 951; R. S. 62-1417); that the crime of attempted rape is included in the charge of rape (*In re Lloyd, Petitioner,* 51 Kan. 501, 33 Pac. 307; *State v. Guthridge,* 88 Kan. 846, 129 Pac. 1143; *In re Stahlnaker,* 93 Kan. 622, 144 Pac. 832; *State v. Harris,* 101 Kan. 187, 165 Pac. 667; *State v. Wilson,* 108 Kan. 433, 195 Pac. 618); and, when on the trial of a charge of rape the evidence does not prove actual penetration, but does tend to prove an attempt to commit the offense,

it is the duty of the court to instruct on the law of attempt to commit the offense. (*State v. Langston,* 106 Kan. 672, 189 Pac. 153.)

Appellant recognizes these authorities, but contends the court erred in telling the jury "the state has failed to prove the actual penetration." We have examined the evidence and find the contention is not well taken. There is an abundance of testimony of the attempt on the part of the defendant to commit the complete offense, but none of actual penetration, except that the answers to a few questions asked the complaining witness on cross-examination might be construed as indicating penetration. We agree with the trial court. In addition it may be pointed out that part of the instruction was favorable to defendant.

Appellant next complains that the court instructed the jury on the law of an attempt to commit the offense. As we have above seen, it is the duty of the court to so instruct, when evidence of the completed offense is lacking and there is evidence of the attempt.

Appellant next contends the trial court erred in permitting the eight-year-old complaining witness to testify without qualifying her as to her competency as a witness, citing R. S. 60-2805. The point was not raised in the trial court, hence is not available to appellant on this appeal. At the argument we were told, and it was not controverted, that the examining magistrate in this case was the judge of the district court who later presided at the trial; that at the preliminary examination the competency of this witness was thoroughly inquired into and she was held to be competent, and that both defendant and his attorney were present. Defendant and his attorney knew her age, knew of the inquiry into her competency as a witness, and that she was adjudged to be competent. Hence, on the trial in district court they raised no question of her competency at any stage of the proceedings, or in any manner. Certainly they cannot raise it here. More than that, her examination as a witness, set out in full in the abstract, discloses that she understood the questions propounded to her and gave intelligent answers to them.

There is no error in the record. The judgment of the trial court is affirmed, the mandate to go down at once.