No. 39,549

THE STATE OF KANSAS, *Appellant,* v. KENNETH E. BEREMAN, *Appellee.*

(276 P. 2d 364)

Opinion filed November 13, 1954.

*Tom Crossan,* county attorney, argued the cause, and *Harold R. Fatzer,* attorney general, *Paul E. Wilson,* assistant attorney general, and *Glen Tongier,* assistant county attorney, were with him on the briefs for the appellant.

*Frank W. Liebert,* of Coffeyville, argued the cause, and *T. Richard Liebert,* of Coffeyville, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Defendant was placed on trial charged with the offense of an attempt under G. S. 1949, 21-101, to commit the crime denounced in G. S. 1949, 21-907. At the conclusion of the state's evidence, defendant moved for his discharge on the ground the evidence failed to prove a *prima facie* case of attempt to commit the crime charged. The motion was sustained by the trial court and the defendant was discharged. The trial court in sustaining the defendant's motion stated, among other reasons, that the testimony offered by the state developed only some acts of solicitation, and that no overt act toward the commission of the offense charged was shown.

This is an appeal by the state on a question reserved by it (G. S. 1949, 62-1703) upon the ruling of the trial court sustaining defendant's motion for discharge.

The question involved is whether the state's evidence was sufficient to prove an attempt to commit the crime within the meaning of the attempt statute.

G. S. 1949, 21-101, provides in pertinent part:

"Every person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act toward the commission of such offense but shall fail in the perpetration thereof, or shall be prevented or intercepted in executing the same, upon conviction . . . shall . . . be punished. . . ."

It may be generally stated that an attempt to commit a crime consists of three elements: (1) the intent to commit the crime; (2) performance of some act toward the commission of the crime, and (3) the failure to consummate its commission.

In order that there may be an attempt to commit a crime, whether statutory or at common law, there must be some overt act in part execution of the intent to commit the crime. The act must reach far enough toward the accomplishment of the desired result to amount to the commencement of the consummation. It must not be merely preparatory, and it need not be the last proximate act to the consummation of the offense attempted to be perpetrated. However, it must approach sufficiently near to it to stand either as the first or some subsequent step in a direct movement toward the commission of the offense after the preparation or solicitation is made. Slight acts done in furtherance of that design will constitute an attempt. No definite rule can be laid down by which an act

might be characterized as overt in any particular case. The general principle of law concerning attempts must be applied in each case as nearly as it can with a view to substantial justice. (22 C. J. S. 139, 140, § 75; 14 Am. Jur. 816, § 68.)

We early held in the case of *State v. Frazier*, 53 Kan. 87, 90, 36 Pac. 58, that an attempt constituted something more than mere intention and even more than solicitation. Under the statutes relating to attempts, there must be (1) an intention to commit the crime, and (2) some direct overt act done toward its commission. The second is an essential element of the offense. *(State v. Custer*, 85 Kan. 445, 446, 116 Pac. 507; 14 Am. Jur. 813, § 65.)

By a great weight of authority, mere solicitation without any further step taken toward the commission of the offense is insufficient to constitute an attempt. (22 C. J. S. 137, 138, § 73; 14 Am. Jur. 814, § 66.) For a thorough discussion of this matter, see opinion of this court written by Mr. Justice Rousseau A. Burch in the case of *State v. Bowles*, 70 Kan. 821, 79 Pac. 726. (See, also, *In re Lloyd, Petitioner*, 51 Kan. 501, 502, 33 Pac. 307; *State v. Frazier*, supra; *State v. Custer*, supra; *State v. Ainsworth*, 146 Kan. 665, 72 P. 2d 962.)

No useful purpose would be gained by narrating the evidence offered by the state in the instant case. Suffice to say that we have carefully studied the record and find that the state's evidence disclosed nothing more than a solicitation on the part of the defendant to commit the offense charged. The record is void of any evidence of an overt act on the part of the defendant toward the commission of the offense charged, and the trial court did not err in sustaining defendant's motion. The judgment of the trial court is affirmed.

It is so ordered.