No. 41,113

STATE OF KANSAS, *Appellee,* v. ANNA MAE˙ BORSERINE, *Appellant.*

(337 P. 2d 697)

Opinion filed April 11, 1959.

*W. C. Jones,* of Olathe, and *Reese H. Robrahn,* of Topeka, argued the cause, and *William R. Brady,* of Topeka, was with them on the briefs for appellant.

*Herbert W. Walton,* Assistant County Attorney of Johnson County, argued the cause, and *John Anderson, Jr.,* Attorney General, *Robert Hoffman,* Assistant Attorney General, and *John J. Gardner,* County Attorney of Johnson County, were with him on the briefs for appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is a criminal action in which Anna Mae Borserine was charged with the offense of attempting to obtain money by false pretenses, in violation of G. S. 1949, 21-101 and 21-551.

A jury found the defendant guilty of the crime with which she was charged, a felony, and she appeals from the judgment and sentence of the district court of Johnson County, Kansas, duly presenting the questions hereafter stated.

The original complaint filed in the magistrate court of Johnson County charged William Daniel Hanley, Mario E. Visco and Ann May Harris, alias Ann Marie Harris, Adeline Azaire, Mary Morris, Adela A. Borserine, Ann Franklin, Ann Azair, Mrs. Gene Borserine and Eugene Borserine jointly with the offense. The cause against Eugene Borserine, husband of the defendant herein, was dismissed in the magistrate court. As a result of a preliminary hearing Hanley and Visco were bound over to the district court for trial, after which Anna Mae Borserine, defendant herein, was individually bound over to the district court for trial at a separate preliminary hearing.

Hanley and Visco, though jointly charged in the information filed in the district court, were tried separately. The companion case of *State v. Visco,* 183 Kan. 562, 331 P. 2d 318, appealed to this

court by Mario E. Visco, presents the identical factual situation developed by the State's evidence as the record in the instant case. Reference is made to the *Visco* case for a chronological report of the factual situation presented by the State's evidence which is incorporated herein. Only the supplemental facts necessary to dispose of the issues herein, which are quite different from the issues in the *Visco* case, will be related.

At the trial of the case the State presented its evidence and rested. The appellant did not take the witness stand or offer evidence in her defense, thus relying exclusively on alleged errors presented by the appeal. The questions presented for review are stated by the appellant in her amended brief as follows:

"1. Did the trial court err in overruling appellant's motion for a directed verdict and discharge at the close of the State's case?

"2. Did the trial court err in overruling appellant's motion to set aside the verdict and for a new trial on account of:

"A. Admission of evidence; and

"B. Insufficiency of competent evidence to sustain the verdict."

The information filed in the district court upon which the appellant was tried reads:

"*State of Kansas, Johnson County, ss.*

"I, John J. Gardner the undersigned, County Attorney of said County, in the name, and by the authority, and on behalf of the State of Kansas, come now here, and give the Court to understand and be informed that on or about the 21st day of June A. D., 1957, in said County of Johnson, and State of Kansas, one Anna Mae Borserine did then and there Unlawfully and Feloniously designedly and with intent to cheat and defraud Robert McEndree, attempt to obtain from the said Robert McEndree United States money in the amount of $125.00 by means of false and fraudulent representation by falsely representing herself to be an agent and employee of a publication named as 'Labor Digest' and under this guise, sell advertising in said publication when in reality the said 'Labor Digest' she purports to represent does not exist."

The information charged the appellant *singly* and no co-defendant or co-defendants are named therein. Appellant calls the court's attention to the fact that no where does there appear any "reference to any other person or persons, named or unnamed, who participated in, or was in concert with, or conspired with, or aided and abetted the appellant in the attempt to commit the offense."

The State's evidence against the appellant was premised upon an assumption that the appellant was a part of a conspiracy with certain other persons to commit the offense alleged in the information.

The State directs attention to the original complaint and the

two informations filed in the district court, stating that in effect appellant is charged jointly with Visco and Hanley for the same offense. The State's theory is that the information need not allege a conspiracy, and it proceeded on the theory that evidence of the acts and declarations of a co-conspirator is admissible to prove the crime charged, even though a conspiracy is not alleged in the information.

G. S. 1949, 62-1016, provides:

"Any person who counsels, aids or abets in the commission of any offense *may be charged, tried and convicted in the same manner as if he were a principal.*" (Emhasis added.)

In 11 Am. Jur., Conspiracy, § 37, p. 568, it is stated:

". . . The rule seems to be well established that, upon the trial of an indictment for a crime, evidence is admissible to prove a conspiracy to commit the crime charged, although the conspiracy is not charged in the indictment. This is permitted not for the purpose of allowing a conviction for a crime not specifically charged, *but merely to show the intent with which the parties acted. . . .*" (Emphasis added.)

The rule seems to be well established that evidence of a conspiracy between several defendants to commit the crime for which they are jointly indicted or informed against is admissible against any of them, although no conspiracy is charged in the indictment or information. This rule is followed even though the other conspirators are not joined in the indictment or information. (66 A. L. R. 1311, 1312, 1313; and see *State v. Mullins,* 95 Kan. 280, 147 Pac. 828.)

On the *procedural* point we therefore conclude that evidence was admissible to show a conspiracy between the appellant, Visco and Hanley, although the latter were not joined in the information and no conspiracy is charged therein. This gives full recognition to 62-1016, *supra,* permitting a co-conspirator under the circumstances here presented to be "charged, tried and convicted in the same manner as if he were a principal." Although not absolutely necessary the better practice is to make all the conspirators parties defendant to the indictment or information, or to aver therein the existence of such conspiracy, the parties thereto, if known, and their purpose, for then the defendant upon trial will have reason to anticipate what evidence will or may be offered against him and to prepare to meet the same. (See *State v. Kennedy,* [1903], 177 Mo. 98, 75 S. W. 979.) In the instant case the procedure in the

magistrate court fully apprised appellant what evidence she might anticipate.

The problem in the instant case concerns a rule of evidence. To prove the particular crime charged it was necessary to show a conspiracy by the evidence. The provisions of G. S. 1949, 62-1416, relied upon by the appellant are not applicable. This statute is in the code of criminal procedure and is applicable to statutes where conspiracy is an element of the offense stated. The information in the instant case does not concern a crime of conspiracy as such, but the crime of an attempt to obtain money by false pretenses.

It must be recognized, however, before there can be an attempt to commit a crime, whether statutory or at common law, there must be some overt act in part execution of the intent to commit the crime. The act must reach far enough toward the accomplishment of the desired result to amount to the commencement of the consummation thereof. (*State v. Bereman*, 177 Kan. 141, 276 P. 2d 364.) In the *Bereman* case the court had the provisions of G. S. 1949, 21-101, before it and said concerning this statute that "an attempt to commit a crime consists of three elements: (1) the intent to commit the crime; (2) performance of some act toward the commission of the crime, and (3) the failure to consummate its commission." (p. 142.)

The information in the instant case did allege performance of some act toward the commission of the crime of an attempt to obtain money by false pretenses where it alleged "by falsely representing herself to be an agent and employee of a publication named as 'Labor Digest' and under this guise, sell advertising in said publication when in reality the said 'Labor Digest' she purports to represent does not exist."

The evidence presented by the State included the testimony of third party witnesses who related the conversations and acts of Visco and Hanley to obtain money for advertising in a publication known as the Labor Digest. This testimony was conditionally admitted over objections that it was hearsay insofar as the appellant was concerned.

The appellant argues that this evidence, admitted over objections, tended only to prove a scheme or plan between Visco and Hanley; that nowhere in the testimony was there any reference or mention of the appellant as being a part or parcel of the scheme or plan; and

that the only evidence which tended in any manner to connect the appellant with the scheme or plan of Visco and Hanley was the statement of third party witnesses that the appellant came to McEndree's Body Shop and stated "I am the person that was to pick up the check."

But there was other evidence connecting the appellant to the scheme to commit the crime charged. She was using an alias name —Ann Harris. She said a couple had brought her out in a blue coupe, which was false. She denied that she knew Visco or that he brought her out to the shop, although Visco said there was no use lying about it as they had been seen. She asked to talk to Officer Bowers in private and, having been granted the request, told him he would be taken care of monetarily as well as with girls if she wasn't arrested. The check given by McEndree to the appellant disappeared even though an immediate search was made of appellant's person by a police matron which failed to disclose it.

It is also significant to note that the officers searched the car Visco was driving and found a certificate of title to the same registered in the name of Gene Borserine, Jr., appellant's husband. Also, blank statements with the name "Labor Digest" were found in this car.

In 1 Wharton's Criminal Evidence (12th Ed.), § 180, the following is said concerning Conspiracy:

"A conspiracy may be established by direct proof, or circumstantial evidence. This evidence may be such as shows that the parties acted together or in concert, in a manner, under the circumstances, warranting the belief that their acts were the result of previous understanding and agreement between them. A series of acts constituting one systematic scheme and having a natural connection is admissible." (pp. 354, 355, 356.)

Ordinarily when acts and declarations of one or more co-conspirators are offered in evidence against another co-conspirator by a third party witness or witnesses, the conspiracy should first be established *prima facie,* and to the satisfaction of the trial judge. But this cannot always be required. Where proof of the conspiracy depends on a vast amount of circumstantial evidence—a vast number of isolated and independent facts—it cannot be required. In any case where such acts and declarations are introduced in evidence, and the whole of the evidence introduced at the trial taken together shows that a conspiracy actually exists, it will be considered immaterial whether the conspiracy was established before, or after, the introduction of such acts and declarations.

(*State v. Winner*, 17 Kan. 298.) Evidence of the acts and declarations of the co-conspirators, done and made in the absence of the accused, is admissible so far as it pertains to the furtherance of the common criminal design, to its consummation, to the disposition of its fruits, and to acts done to preserve its concealment, as an exception to the rule against the admissibility of hearsay evidence. (*State v. Emory*, 116 Kan. 381, 226 Pac. 754, and cases cited therein.) The order of proof in such case is largely controlled by the trial judge; and where the crime has to be established by circumstantial evidence the prosecutor must be given permission to present that proof bit by bit as best he can without too rigid enforcement of the rule. If upon completion of the State's case, all the facts tend to show a conspiracy, the order of proof in which the acts of the conspirators are shown is not of much importance. (*State v. Shaw*, 108 Kan. 781, 196 Pac. 1100, and cases cited therein.)

The acts and declarations of Visco and Hanley, which were the subject of testimony by third party witnesses, were all done and made in the furtherance of the common criminal design to defraud and were thus admissible under the foregoing rules. Had Visco and Hanley given a narration to a third person about appellant's connections with the crime in the absence of the appellant, such testimony would not be admissible. The rule on this point is well stated in the early case of *State v. Johnson*, [1888], 40 Kan. 266, 19 Pac. 749, as follows:

"To make the declarations of one conspirator evidence against the others, they must be made in furtherance of the common criminal design. Mere admissions or narrations of what has taken place, which have no tendency to promote the common criminal intent, are inadmissible against anyone but him who made it. When the conspiracy has ended, or the crime involving conspiracy has been consummated, the admission of one in the absence of the other conspirators that he and others participated in the crime, is a mere narrative of a past occurrence, and can affect only the one who makes it . . ." (p. 268.)

(See also *Mayola v. United States*, 71 F. 2d 65.)

A similar contention regarding the admissibility of evidence was advanced in the *Visco* case and answered as follows:

"Some complaint is also made of the fact certain statements made by Ann Harris when she came to the body shop on the evening in question, out of defendant's immediate presence, were admitted. This contention likewise is without merit, and the order of proof, under the circumstances was immaterial. *The evidence clearly established that she was part and parcel of the transactions under consideration.*" (Emphasis added.) (p. 567.)

At the close of the State's case the appellant moved for a directed verdict and discharge. The argument advanced by the appellant was based upon (1) failure to prove a conspiracy in which appellant participated; and (2) the evidence conditionally admitted was incompetent and should be stricken.

The trial court overruled the motion for a directed verdict and denied the appellant a discharge. At this time the evidence conditionally accepted was unconditionally received. The case was then submitted to the jury upon instructions consistent with the law heretofore stated.

One phase of the evidence which varies the factual statement given in the *Visco* case should be mentioned. One of the State's witnesses stated that he knew of no such publication as the "Labor Digest." On cross-examination a copy of a publication known as "The Labor Digest" was introduced into evidence by counsel for the appellant which showed on its face that it was published in Indianapolis 25, Indiana, under date of June, 1957. The State's witness, Robert L. Harrison, on cross-examination testified after examining Ayer's Directory of Newspapers and Periodicals, that there was a paper listed therein as "The Labor Digest" (published as above stated), and that it circulated in Kansas City, Missouri. This evidence was entitled to such weight as the jury might have seen fit to give it, when considered in connection with the bill captioned "Labor Digest" which had printed thereon a fictitious address and phone number in Kansas City.

Upon consideration of all the facts and circumstances presented at the trial as set forth in the record, there was substantial evidence to support a reasonable inference that appellant was a part of the fraudulent scheme of Visco and Hanley to commit the crime charged. All of the evidence is clearly linked together in sequence of events. The evidence reveals the criminal design to defraud. The acts of the appellant were more than merely coming into the shop and stating she was the one to pick up the check. Her acts prove without doubt that she attempted to conceal the offense. Upon this evidence the case was properly submitted to the jury.

The trial court having properly submitted the case to the jury, it did not err in overruling appellant's motion to set aside the verdict and for a new trial. These motions reassert the admissibility of the evidence and its sufficiency.

Other questions presented by the brief of the appellant have not been overlooked, although we construe the amended brief as an

abandonment of the questions not reasserted therein. We have examined the instructions given and those refused and find no error in the particulars specified in the original brief. It does not affirmatively appear from a careful and thorough examination of the record presented that the trial court erred in ruling the case upon any of the particulars specified, or that the appellant was denied a fair and impartial trial or that her substantial rights have been prejudiced adversely.

Finding no reversible error in the record, the judgment of the trial court is affirmed.