Per Curiam.

Petitioner for his first contention urges that he did not plead guilty but entered what he designates as a conditional plea of guilty. He alleges that he pleaded guilty on condition that he receive only a short jail sentence in lieu of a penitentiary sentence. He now claims that there is no such plea as a conditional plea, and that the court had no jurisdiction to accept such a plea. Only five types of pleas are set forth in Section 2943.03, Revised Code. There is no such plea as a conditional plea of guilty under our statutes.
However, an examination of the court’s journal entry and the partial transcript of testimony relating to his hearing on his plea of guilty does not indicate that such a conditional plea was entered. The records show only that petitioner pleaded guilty to the indictment and was placed on probation.
The petitioner contends also that he was induced to plead guilty by the prosecuting attorney who threatened him with a habitual criminal charge. He contends further that his own attorney joined in such threats, and that his attorney went so far as to read the habitual criminal statute to him and told petitioner that if he did not plead guilty the prosecutor was going *375 to put him in prison for life. Other than petitioner’s own statement, there is nothing in the record to substantiate this contention. Standing alone this is not sufficient to sustain the burden of proof. However, even if there was evidence of threats or promises, it has been held that such matters are not reviewable in a habeas corpus proceeding. Click v. Eckle, Supt., 174 Ohio St., 88; and Norton v. Green, Supt., 173 Ohio St., 531.
Petitioner argues that the conditioning of his probation on the serving of a jail sentence after he was sentenced to the penitentiary for one to 20 years was void. It must be noted here that petitioner was not placed on probation after sentencing, as the imposition of the sentence was suspended. In other words, petitioner was not sentenced at the time he was placed on probation. His actual sentence was imposed in 1962 after his probation was revoked in conformity with Section 2951.02, Revised Code, which reads as follows:
“Where the defendant has pleaded guilty, or has been found guilty and it appears to the satisfaction of the judge or magistrate that the character of the defendant and the circumstances of the case are such that he is not likely again to engage in an offensive course of conduct, and the public good does not demand or require that he be immediately sentenced, such judge or magistrate may suspend the imposition of the sentence and place the defendant on probation upon such terms as such judge or magistrate determines. This section does not apply to juvenile delinquents.”
The question which arises in this case is whether a judge may make the serving of a jail sentence a condition to probation in a felony case. Section 2951.02, Revised Code, provides that the defendant may be put on probation “upon such terms as such judge or magistrate determines.” This section endows the trial court with broad general powers in relation to conditions which may be imposed upon one placed on probation. It has been held that a court may condition probation in a felony case upon the accused’s serving of a sentence in jail. United States, ex rel. Spellman, v. Murphy, 217 F. (2d), 247. In addition to this, however, petitioner accepted the terms of the probation and thus is now in no position to complain. In re McClane, 129 Kan., 739, 284 P., 365.
*376 Hence, where a trial court conditions probation in a felony case on the accused’s serving a term in jail and the accused accepts such condition, he cannot later complain in an action in habeas corpus seeking to procure his release from the penitentiary where he was subsequently sentenced after violating his probation.
An order of probation is not a part of the sentence but only a procedure whereby the imposition of sentence is delayed. Thus, even if the order of probation was void because of an illegal condition, this would not affect the validity of the sentence imposed after the violation of the order of probation. Watkins v. Merry, Supt., 106 F. (2d), 360.
Petitioner’s final contention is that he was denied the appointment of counsel on his hearing for violation of the order of probation. The law does not require the state to appoint counsel for an accused on the hearing for violation of probation. Thomas v. Maxwell, Warden, 175 Ohio St., 233.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.