**Gerald L. WOODS, Appellant,**

v.

**John D. MUNNS, Superintendent, Kansas State Industrial Reformatory, Hutchinson, Kansas, Appellee.**

**No. 8053.**

United States Court of Appeals
Tenth Circuit.

June 25, 1965.

---

Chester I. Lewis, Wichita, Kan. (Jack Greenberg and James M. Nabrit, III, New York City, with him on the brief), for appellant.

Richard H. Seaton, Asst. Atty. Gen., of Kansas (Robert C. Londerholm, Atty. Gen. of Kansas, with him on the brief), for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

PICKETT, Circuit Judge.

The appellant Woods, a negro, was convicted of first degree kidnapping and forcible rape in the State Court of Bourbon County, Kansas, where he was sentenced to life imprisonment on the kidnapping charge, and from five to twenty-one years for forcible rape. Prior to trial the court denied a motion for change of venue which alleged that community hostility toward the defendant was such that a fair trial could not be had in Bourbon County. After a jury had been empaneled, Woods moved to dismiss the jury and to quash the jury panel for the reason that negroes had been systematically and purposely excluded therefrom. It was also alleged that the court submitted to the jury for its verdict an offense with which Woods was not charged. On appeal these questions were considered by the Supreme Court of Kansas, which affirmed his conviction. State v. Woods, 191 Kan. 433, 381 P.2d 533, cert. denied sub. nom. Woods v. Kansas, 376 U.S. 919, 84 S.Ct. 676, 11 L.Ed.2d 615. It is stipulated that state remedies have been exhausted.

Woods is now serving his sentences in the Kansas State Industrial Reformatory at Hutchinson, Kansas, and brings this habeas corpus proceeding alleging that he did not have a constitutional trial for the reasons hereinabove set forth. By agreement, the matter was submitted to the United States District Court for the District of Kansas on the record of the trial conducted in the state court. After consideration of this record, the district court entered findings of fact and conclusions of law, and dismissed the petition.

The rule requiring a jury panel to be truly representative of a cross-section of the community in which a defendant is to be tried for a criminal offense is so firmly established that it needs little discussion. The cases considering the question were recently reviewed in Swain v. State of Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759. When a state, through its legislature, its courts, or administrative offi-

cers, systematically excludes from jury service qualified groups because of race or color, it is a violation of the equal protection clause of the Constitution, and a verdict by such a jury cannot stand. McManaman v. United States, 10 Cir., 327 F.2d 21, cert. denied Jenkins v. United States, 377 U.S. 945, 84 S.Ct. 1351, 12 L.Ed.2d 307, and cases cited. However, as stated in Swain v. State of Alabama, supra, a negro defendant in a criminal case is not constitutionally entitled to be tried by a jury upon which there is a member, or members, of his race, and he is entitled to relief only upon proof submitted by him which discloses a "purposeful discrimination" to exclude members of a class from the jury panel.[1] In seeking to apply these principles, it is contended that the evidence establishes that over a long period of years preceding the trial of Woods, no negroes were selected on any jury panel in Bourbon County, Kansas, and that under the rule announced in Eubanks v. State of Louisiana, 356 U.S. 584, 78 S.Ct. 970, 2 L.Ed.2d 991, and Patton v. State of Mississippi, 332 U.S. 463, 68 S.Ct. 184, 92 L.Ed. 76, this is sufficient to show the invidious discrimination. We are satisfied, however, that the record does not establish that this case is within the rule. The total population of Bourbon County, Kansas in 1962 was between 16,000 and 17,000. Negroes constituted 3.7% of this total population,

and all resided in the city of Ft. Scott, in that county. No attempt was made to show how many of these negro residents were qualified for jury service. Under the Kansas Statute, prospective jurors were selected from those assessed on the assessment roll, by the Trustee of the several Townships and by the Mayor of each city in the county. The names of those selected were then delivered to the County Clerk. Jury panels were made up from this list after the names had been placed in the jury box. Kan.Stat. Anno. 43–101, 43–107.[2] There was evidence that for a number of years preceding Woods' trial, no negro had been selected on a jury panel. However, it is undisputed that when the case was set for trial, the cases of five companions charged with the same offense were to be tried. Consequently, the court found it necessary that a large number of jurors be drawn from the jury box to be available for these trials. Four of the 160 names drawn were negroes. Furthermore, there is no evidence that there was any racial discrimination against negroes in Bourbon County.[3] The trial Judge stated that he had instructed the county clerks within his district "to comply strictly with the law and to draw jurors without question as to race, creed or color, and that there should be no arbitrary exclusion of anyone from jury service * * *." We conclude that it has not been established that negroes were

1. Windom v. United States, 10 Cir., 260 F.2d 384, 385, we said:

"In the exercise of its superintending power in the administration of federal criminal justice, the appellate courts have been quick to strike down any conviction by a jury in the selection of which members of any race, creed or economic status are systematically excluded. * * *

But the burden of making a showing that some class was improperly excluded from the jury lies with the defense. Frazier v. United States, 335 U.S. 497, 69 S.Ct. 201, 93 L.Ed. 187."

2. Kan.Stat.Anno., Article 43–102 provides:

"They [trustee of each township and mayor of each city] shall select from those assessed on the assessment roll of

the preceding year suitable persons having the qualifications of electors, and in making such selection they shall choose only those who are not exempt from serving on juries, and who are possessed of fair character and approved integrity, and in possession of their natural faculties, and not infirm or decrepit, and who are well informed and free from legal exceptions: *Provided*, That no person shall be selected as a juror who either in person or by any other means shall solicit his selection as such; and the trustee of each township and the mayor of each city shall each select at least one such person for each fifty inhabitants therein."

3. Woods testified that he attended the public schools in Ft. Scott, including Junior College, where he was a star athlete.

systematically and purposefully excluded from the jury panel.

 There is no merit in the contention that there was such prejudice against Woods in Bourbon County which would deny him of a fair and impartial trial in that county as guaranteed by the Constitution. The burden of proving such a claim is upon the person making it. As said in Latham v. Crouse, 10 Cir., 330 F.2d 865, 868, cert. denied 379 U.S. 866, 85 S.Ct. 134, 13 L.Ed.2d 69, "Prejudice must be established 'not as a matter of speculation but as a demonstrable reality.' * * *" There was evidence of considerable community feeling when the outrageous crime with which Woods and his companions were charged became known, and there were some demonstrations at the time, with isolated incidents of threats over the telephone and otherwise. The reports in the local newspaper were temperate and objective, and the evidence is overwhelming that at the time of trial there existed no unusual prejudice or hostility against Woods and his companions in the crime. This is illustrated by the fact that at the trial, where Woods was represented by able counsel of his own selection, not a single juror was challenged for cause. See Beck v. Washington, 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98, rehearing denied 370 U.S. 965, 82 S.Ct. 1575, 8 L.Ed.2d 834; and Stroble v. State of California, 343 U.S. 181, 72 S.Ct. 599, 96 L.Ed. 872, rehearing denied 343 U.S. 952, 72 S.Ct. 1039, 96 L.Ed. 1353.

 Finally it is urged that the court submitted to the jury an instruction defining the crime of conspiracy, with which the defendant was not charged. The court, in its instructions, explained the charges contained in the two counts of the information and set forth the statutes defining kidnapping in the first degree and forcible rape. The jury was then instructed that if Woods participated in a conspiracy with others to commit the offenses charged in the information, then the statements and acts of each of the persons immediately prior to and during the commission of the crimes charged might be considered along with other evidence in determining whether the defendant Woods was guilty or not guilty as charged. This instruction follows the settled practice in Kansas, and does not constitute a conviction of a crime with which the defendant was not charged. Apparently an instruction of this kind is used in Kansas to define the liability of one who counsels, aids or abets in the commission of an offense. Kan.Stat.Anno. 62–1016; State v. Turner, 193 Kan. 189, 392 P.2d 863, 869; State v. Borserine, 184 Kan. 405, 337 P.2d 697. See also, State v. Woods, 191 Kan. 433, 381 P.2d 533.

We have examined the entire record and find no basis for the contention that the appellant did not receive a constitutional trial.

Affirmed.