473 P.2d 367

STATE of New Mexico, Plaintiff-Appellee,

v.

Dennis Paul CARLTON and Pearl Diana Carlton, Defendants-Appellants.

No. 428.

Court of Appeals of New Mexico.
July 31, 1970.

David W. Bonem, Dan B. Buzzard, Clovis, for defendants-appellants.

James A. Maloney, Atty. Gen., Ray Shollenbarger, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendants, husband and wife, appeal their conviction of second degree murder. We reverse.

*Cautionary instruction.*

Defendants claim error in the court's refusal to give their tendered instruction which states:

"Evidence has been received of a statement a defendant made after his arrest and outside the hearing and presence of his codefendant [sic].

"This statement can be considered only as evidence against the defendant who made such statement. You must not consider it against his codefendant [sic].

"The guilt or innocence of each· defendant must be determined as if he were being tried separately."

Defendants rely on the general rule that after the completion of the· criminal act and the conclusion of the common enterprise, a confession or admission made by defendant and implicating another defendant but not made in the presence of such second defendant, is admissible against the maker only when restricted as to him by ruling or instruction, but is not admissible against the co-defendant. 2 Underhill, Criminal Evidence § 395 (5th ed. 1956). See also State v. Harrison, 81 N.M. 324, 466 P.2d 890 (Ct.App.1970) and cases cited therein.

The State introduced letters which defendants, while in custody, had written. Dennis wrote Pearl, " ' * * * Evidently, Boone & Stagner are uncertain of a few things or they wouldn't want to find them out so badly. So why do them a favor? Let them find out their own way and not by incriminating ourselves. * * * ' "

Pearl wrote Dennis, " * * * Just remember, honey, we are innocent until proven guilty here on earth. And we've already confessed and asked for mercy & forgiveness from the only one that counts —Jesus Christ."

We cannot say as a matter of law that the statements could not be interpreted by the jury to inculpate the other defendant. In light of this implication, it was reversible error to refuse the tendered instruction which defined the law applicable to a co-defendant's admission. See State v. Harrison, supra, and cases cited therein.

The State contends that under State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966), the defendant may be heard to complain only if his tendered instruction was a proper statement of law. The State explains that statements made by one defendant are admissible against all insofar as it pertains to the furtherance of a common design. Here, there was no common design. There was no evidence of a continuing conspiracy, no evidence to indicate a disposition of the fruits of a crime nor evidence of concealment of a crime. The

State's references to State v. Shaw, 195 Kan. 677, 408 P.2d 650 (1965) and State v. Borserine, 184 Kan. 405, 337 P.2d 697 (1959) have no bearing on the validity of the requested instruction.

 Finally, the State maintains that "* * * the instruction tendered would have required the jury to disregard all statements of a co-defendant made outside the presence of the other defendant without any exceptions * * *" We fail to reach this as a reasonable conclusion from the tendered instruction. As we read the instruction, it merely goes to inculpating statements made by one defendant out of the presence of the other. We therefore find no basis for the fear expressed by the State.

Reversed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.